My name is John Jordan. I represent the appellant in this case, Joan McKenna. Your Honors, I've raised a number of points which I believe would justify either reversing this case or even on several of the points ending in the complete termination of the case. The first point I raised was that it's the appellant's belief that what the government engaged in below, as to Counts 2, 3, and 4 of the indictment, was in essence a perjury trial. If there was any valid criminal charge against the appellant, it would have been in Count 1, which was the original dispute over what was said during that first deposition. The jury, however, was unable to reach a verdict on Count 1. They hung on that count. Counts 2, 3, and 4 were nothing more than repetitions by the government forcing Ms. McKenna to repeat, under oath, the statements she had already made, which were contained in Count 1. The government tried to distinguish the prior perjury trial cases. And I recognize the Ninth Circuit has not yet recognized that there is such a thing as a perjury trial, but I believe this is the perfect case to recognize it. But even if we were to recognize that the perjury trial law can be extended from grand jury proceedings to civil depositions, in this case, don't you have to overcome the argument that the purpose for taking the deposition was not to trap the principal purpose was not to trap your client, but to gather information in connection with a civil lawsuit that she had filed? Yes. However, she had already filed, she had already given him that information in the subsequent proceedings to the first deposition. But isn't that what ordinarily goes on in a deposition? I mean, how is that different from, you know, the thousands of other depositions that are taken every day in California? That's what lawyers do, right? They try to catch the deponent in the lie because they want to use a deposition for impeachment in the trial. That's one of the very purposes of a deposition, isn't it? It is, Your Honor. But here, the government opened a parallel criminal investigation. When? At what time? While the civil case was pending? Before the deposition was taken? While the civil case was pending. Well, before the deposition was taken? Before the third and fourth depositions were taken and before the civil trial. Remember, three and four of the counts go to the statements, or at least count four are asked to the civil trial. At that point, it's quite clear what the Mrs. McKenna's position is, and she's stated it several times under oath. And, Your Honor, just briefly going to the extension of the concept to a civil trial, most of the cases do deal with grand jury proceedings because I think that's where it normally comes up as an exception. What do you mean by most of them? Can you cite an exception to me? A case involving a perjury trap that doesn't involve the grand jury? All right, Your Honor, all the cases. All right. However, here, one distinction which I think makes it stronger is in the grand jury matters, at least the defendant is aware that there's a criminal proceeding going on. Here, Ms. McKenna didn't know that, so I think that's one factor that would justify recognizing it in this context. I have another point which is related to it, which is basically that the government's actions here not only were a perjury trap, but also manufactured the crime, since they were the ones who had to repeat, particularly as to count four, what had happened. Moving to my second point, Ms. McKenna here made four different requests, as I see it in the record below, for new counsel. Now, the first request was at her arraignment under the original indictment. I can't see how that could be more timely. Her second request was the one that was at her arraignment. But was it clear? Was it clear and unequivocable? Well, she did say she was very uncomfortable having somebody from the public defender's office appoint her, since she viewed that as somebody paid for by the government and the government was the one alleging the charges against her. And the magistrate talked to her, and it seemed like the magistrate explained to her what was going to go on and that she shouldn't have these feelings, that she should give them a chance. She raised her initial concerns, so we know that from the beginning she was concerned about it. The next time was much stronger, and although that was shortly before the trial, it's actually shortly, very shortly after the bringing of the superseding indictment. I think I looked at the excerpts of record, and she was arraigned on the superseding indictment on September 14th of the year 2000, and I believe, if my facts are correct, she was heard on her new motion on September 25th. So that's, what, 11 days? There's only a short window here between the bringing of the superseding indictment and the new trial. It's impossible for her to have brought this motion and not be on the eve of trial when the trial is only a month in between that window there. And it does appear on the record below that she brought the motion as soon as she determined that her counsel weren't going to file motions such as the vindictive and selective prosecution motion. Now, those motions weren't filed, so I can't argue how they would have been decided, but this is an unusual case where a person is indicted for statements during a deposition in a civil case by the same office. It would seem that such a motion should have been looked at seriously, and if she has counsel who were simply at odds with her over that important point, it's not as if she came in with no reason to change her lawyer. She seems to have a reason that on its face appears reasonable, and it was shortly after the superseding indictment was brought. There are two further requests, and, of course, they're during the trial. If they were the first requests, I would submit, sure, they would be untimely, but they're third and fourth in a series of four requests for new counsel. You're going to spend a minute or so on the materiality issue? Yes, Your Honor. Your Honor, I forgot to say, may I save two minutes for my rebuttal? On materiality and the whole point of whether or not the evidence here was sufficient, you have – I would like to bring the Court's attention first to a case that was decided by this Court after my opening brief was filed, and that's U.S. v. Culleton at 300 F. 3rd, 1139, decided on August 22nd. Fill out one of those supplemental authority sheets after the argument, all right? Sure, Your Honor. Thank you. You have statements here which I think are not only ambiguous, but also simply weren't material to the real issue here. Under, I think, the case law that is still valid in this circuit, the issue here is, was the statement – were the statements material to the decisionmaker here at the magistrate – magistrate report? Could they have influenced her decision as to whether or not there was liability here? On count one, again, I think that would be the government's strongest case here, that that statement was material. That was the original dispute, that was the original disagreement between the parties that put her credibility into issue. However, counts two, three, and four, count two I don't believe is even admissible against her at the civil trial. Well, count two was made during – the statement's made during a deposition, and three and four were statements made actually during the criminal trial. Right. And count two was made during the second deposition, so she had already made her statement under the first deposition and stuck to it in her corrections. So the second deposition isn't inconsistent with what she's already said during her corrections to the first deposition. It's an interesting standard that we're asked to apply here. It's whether or not the statements were either influenced or were capable of influencing the decisionmaker to whom they were addressed. And that – you could look at that in a variety of ways. You could look at it as the person to whom they were addressed, so that the decisionmaker would have to actually be there. You could look at it as the government has looked at it, the decisionmaker was the AUSA, which I don't tend to agree with. Or you could look at it as the decisionmaker could be someone down the road, because these – the trier of the civil case, the civil deposition was taken for purposes of, you know, getting evidence or not of her claim that was going to proceed to trial before the civil claim, before – I guess that was Magistrate LaPorte. Right. So if she was lying in that first deposition, even though Magistrate LaPorte was not actually present, indirectly the statement was being made to influence the ultimate person who would determine whether or not her case had merit. Yes, Your Honor. But as to the first count, that statement's already been made. I can see the government's argument that that would be material in that she's put forth that statement. The government puts forth evidence, for example, by calling the deposition the stenographer. That's false. That puts her credibility into issue, and there are sufficient facts there for the magistrate to make a conclusion based on the evidence before her whether she lied during that first deposition. I don't believe it's material if the government gets her to repeat that statement two, three, and four times when it's incessant the same statement over and over again. So your quarrel isn't with the aspect of the standard that requires the statement to be capable of influencing the person to whom it's addressed? It's more that it can't be material the second, third, and fourth time it's repeated? Well, in part, I think it does have to be material. I have no quarrel with the statement. But the person to whom it's addressed, I believe, is the magistrate, not the AAUSA who's taking the deposition, because the ultimate issue here is whether or not which way should the magistrate report decide the lawsuit, not whether or not the AAUSA should make a settlement. So I think ---- Well, why isn't that a possibility? In other words, it's addressed to the one purpose of discovery, you know, is to determine, one, whether the case you say, in fact, another purpose of discovery is to see whether it leads to other admissible evidence. So it's not ---- discovery is not necessarily addressed to the ultimate, say, tribunal in which the case is tried. No. But I think the question here is whether or not the statement made by ---- again, this is a perjury indictment. So is the statement being made by the declarant to actually influence the magistrate who's going to hear the case? Not ---- I don't think Mr. Kennedy is trying to ---- Well, you know, some circuits have interpreted the perjury law in the context of discovery as, you know, anything that's a proper discovery is material. It almost discarded the, you know, the decision-maker requirement. How much can you approach it in the discovery issue? You don't know who the decision-maker is going to be. Are you saying that, you know, if a case settles, is never tried, then nothing that's ever said is material in the deposition can ever be charged for perjury? If the appellant ---- if the declarant made the statement with the intent to influence the eventual decision-maker, the fact that the process was cut short, I don't think would cut off criminal liability. But to say for the assistant to say, well, I think it was material to me because it would influence my process, she's not that decision-maker. All right. You're way over your time, but we'll give you a minute for rebuttal, all right? Thank you very much. May it please the Court, good morning. My name is Laurie Clossard Gray. I am the Assistant United States Attorney here in San Francisco, and I represent the United States. I'll begin by addressing the issues that were raised by defendant in oral argument. And, of course, if the Court wants to direct me to any of the other issues that weren't addressed, I'm happy to respond to any of those questions. With regard to the perjury trap claim, the defendant has failed to meet her concededly high burden of proving that the government's sole purpose in deposing her with regard to count two was to extract false testimony. As a record ---- When was the criminal file opened in relation to the discovery in the civil case? Well, as set forth at page 20 of the government's brief, Your Honor, I noted that despite defendant's repeated claims that there was this parallel criminal investigation, that allegation remains unsupported. The criminal complaint was filed March 30th, 2000, which was five months after the civil complaint had been dismissed. When was the criminal file, the file opened in the U.S. Attorney's office? I don't know the answer to that, and there's nothing in the record that indicates  that. It had to be way before that, right? It would be before that, Your Honor, but there's nothing in the record. Defendant has presented nothing in the record other than making these unsupported claims. Moreover, I think it's important for this Court to know that this claim was rejected by both of her attorneys below. As defendant related, she had certain evidence that she wanted to introduce that had been seen by her attorneys relating to a parallel criminal investigation, and her attorneys had told the Court that they disagreed with the opinion that there was any such evidence that ought to be submitted to the jury. Consequently, I don't think that that there's any evidence to support defendant's claim. With regards to count 3 and 4, that arose out of her testimony at the civil trial. She voluntarily took the stand, subjected herself to cross-examination. There's no way that that can be construed as a perjury trap. Moving on to the second claim that defendant addressed this afternoon, and that is that her request for substitution of counsel should have been honored. The record is clear, Your Honors, that the district court did not abuse its discretion that in each case the district court cleared the courtroom, conducted a full hearing, directed specific focused question to the attorneys, to the defendant to get to the did find out was that they were communicating, there were multiple several-hour meetings, but that there was a disagreement over tactics. And as I briefed in my brief before this Court, that is not a basis for substitution of counsel. Moving on to the materiality argument, sufficient evidence supports each of these claims, and first, that the statements in counts 2, 3, and 4 were material. And I submit to this Court that there can be a different decision-maker at different stages of a criminal or a civil proceeding. In this case, when the depositions were being taken, the decision-maker was Emily Kingston, the civil AUSA. It was up to her to decide, did this claim, this million-dollar claim filed by defendant have merit? Was it something that should be settled? What were the issues of liability? What were the issues of fault? What were the issues of damage? Clearly, at that point, she was the decision-maker. She wasn't the judge of the merits of this claim. She was an advocate for the government. She was seeking to find out what were the facts so that she could make a decision as to whether the claim went away, even got to a magistrate. The possibility existed that it would not have had it been settled or there wasn't any need to try the matter. What's your best case you can cite to support the proposition that an attorney in that position, you know, can be regarded as a decision-maker for the purpose of a criminal perjury case? At the top of my head, I don't have one. I don't know if I cited in my briefs. I would just, a case. I can't think of one. I can't think of one. Of a light case. That's the reason I'm asking. But focusing on the basic definition, which was read as a jury instruction and which is what the parties. Definition of what? A decision-maker? Of materiality. Of materiality. Of materiality is, it sort of raises a common sense implication, which is it's a statement that has a natural tendency to influence or is capable of influencing the decision-maker to which it is addressed. Now, I realize that begs the question of who is the decision-maker? Is there any instruction that defined who the decision-maker was or could be? There was a, as I recall, there was a discussion outside the presence of the jury where the district court specifically made the finding that Emily Kingston was a decision-maker. Defendant objected, and I have this somewhere in the brief. I can't give you the page site. Wait a minute. Wait a minute. When you say the court made a finding, for what purpose? The defendant had argued that Ms. Kingston should not testify, that she was testifying as an expert. And the court disagreed that she was testifying as an expert. Instead, what the district court said is, no, she's testifying as a decision-maker. And I think that's true. Well, she's just a precipient witness. That's all that means. That's correct. That's how she testified, as a precipient witness. She was no different, Your Honor, than the testimony presented by Dr. Prieto, who was the government's physician that examined Ms. McKenna. Dr. Prieto also testified as a precipient witness that it was important to him to have a full access to the facts. And they're not contesting that he shouldn't have been able to testify as to what was material and what went into the calculus of his decision. Are you aware that the only Circuit Court of Appeals decision that actually addresses whether an AUSA is a decision-maker, or whether the civil deposition is given to a decision-maker, goes against you, United States v. Wilkinson? The Fourth Circuit assumed that the AUSA would not be a decision-maker because the civil deponent's testimony is not actually addressed to a decision-making body. And you cite as no authority contrary, so. Is that a civil case, Your Honor? No, it's a criminal case. I'm sure it came up in the context of perjury. But this was perjury in a civil context. But I'm giving you the case which you didn't give us, and I'm just telling you we don't have any case law that supports your position. So given that, and this relates to another question I have about the government's position, why isn't your better argument to argue that it was addressed to the ultimate decision-maker, that is the person who would be trying this case and adjudicating this case? Well, I'll gladly fall back to that. I know, but why haven't you made this argument? Okay, you didn't make this argument. The other thing that I'm questioning about the government's position is that the government seems to concede that magistrate, judge reports, findings of fact, and conclusions of law are hearsay, and I don't see why they aren't hearsay because they were not offered for the truth of the findings, but rather offered to show how they were the statements that were made were influencing a decision that was written. I don't know why you just give up that argument that they were hearsay and it shouldn't have come in. Well, I did, Your Honor, carefully in looking at this issue, I did, as you know, I did concede that I believe that they were hearsay, that the order, which is Government Exhibit 11, was offered for the truth of the matter. And they're not. What truth was it offered for? That the statements in there were, in fact, made by defendant, and that those statements influenced her as a decision-maker in making her decision. You mean the statements were made by the magistrate? The statements she gives a factual resuscitation, and the statements, it's redacted in great degree, but the statements that she puts in is that the defendant said certain things and that on the basis of those things, she's now issuing this order. But so your argument, you're saying that it's double hearsay, that it's hearsay what Judge LaPorte found and it's, what are you saying? No, I'm not saying it's double hearsay. That, obviously, if Judge, if Magistrate LaPorte had come and testified, she could have done that. Why should a judge have to come and testify about findings and facts and conclusions of law that are issued that are part of the public record? She doesn't, the standard isn't she doesn't have to testify I was influenced. The standard is whether the statements that were made were capable of influencing. And if they were cited in a decision that she issued, then whether or not the statements are true, they are obviously, I would assume you could infer she's relying on them as part of her statements of fact before she gets to the conclusions of law that they were capable of influencing her. I understand the Court's position. Defendant's taking a different tact at that, though, by claiming. You're taking a different tact. You're the one who conceded hearsay and argued that the decision-maker was the AUSA. Well, I, again, at different stages, I think that ultimately, you're right, the ultimate decision-maker in the case is the magistrate or the judge that's going to hear the case. When you say it was AUSA, you're talking about at the deposition. At the deposition stage. On count two, right? Or whatever count that was. Count two was the deposition. You're correct, Your Honor. You're not saying that AUSA was a decision-maker with respect to the testimony at the trial. No, absolutely not. At that point, clearly the decision-maker is the Court. And as you pointed out, when you're doing a deposition, if you're doing it with the goal that ultimately you're developing the facts that you're going to present at trial, then clearly the magistrate would also be the decision-maker, has to count two. But with regard to the magistrate's order, the point that made in the brief is that the defendant used that as a sword. The magistrate's order contained a critical error in paragraph 22, and the defendant made a tactical decision to exploit that error and then did deed by arguing that this critical error showed that the statement was not material, emphasized that repeatedly on cross-examination, on closing argument. And the government's position is that even without that order in place, the evidence was overwhelming that the statements by defendant were material in this case. Even her own defense counsel testified at trial, was called by defendant, and Jonathan Borstein testified in defense case in chief, and he testified that he believed that the November 1994 accident would have affected the determination of damages in the December case. And that's at 2 Reporters Transcript, page 429. If there are any other questions, I'm happy to answer them. Otherwise, I would submit it on the brief that was filed along with the argument today. All right. Thank you. Thank you. All right. Mr. Jordan, rebuttal. Thank you for the extra time, Your Honor. Just briefly on the ---- You agree that the magistrate's report was not hearsay? No, I do not, Your Honor. However, even if it was not, I'll point out there were no curative instructions or any kind of guidance given to the jury on how to parse that report. That was my second point. But wouldn't you have had to request them? Who had the burden of requesting a limiting instruction that the findings, facts, and conclusions of the law were offered not for their truth? The government introduced that evidence. The government said, oh, you should have requested the limiting instruction. It would have protected their case. If it was ineffective of defense counsel not to do that, that would go to my point that even on the record that we have before us, although I know you prefer it in a habeas, the lawyers here simply weren't filing any motions or attacking the government's case. And just briefly on the one other point, the record below as to whether or not the criminal file was opened is quite clear. The appellant herself said, I just got discovery. It was opened. It's in the record. Counsel is correct. There's no motion filed below, no development of that record, and that's exactly why the trial court should have appointed a new counsel to do that. So we know the government knows when that criminal file was open. The defense still doesn't know. Thank you. All right. Thank you, Mr. Jerome. We thank both counsel. This case is submitted for decision.
judges: Goodwin, Tashima, Wardlaw